Filed 12/31/24  In re A.R. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re A.R. et al., Persons Coming Under the Juvenile Court Law. | B337583 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>C.M.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 19CCJP02567B-C) |

APPEAL from  orders of the Superior Court of Los Angeles County, Craig S. Barnes, Judge.  Affirmed.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel and Avedis Koutoujian, Deputy County Counsel, for Plaintiff and Respondent.

C.M. (father) appeals from the May 1, 2024 orders terminating parental rights to A.R. (born March 2019) and C.R. (born December 2020) under Welfare and Institutions Code section 366.26.[1] Father contends the court erred in denying application of the parental relationship exception to termination of parental rights under section 366.26, subdivision (c)(1)(B)(i). We affirm.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments. [Citation.] In order to state the reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

Father contends the juvenile court erred when it determined that the parental relationship exception to adoption did not apply. However, taking the applicable law and the standard of review into account, father has failed to demonstrate reversible error.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

Once the juvenile court finds it is likely the child will be adopted, section 366.26, subdivision (c)(1), requires termination of parental rights unless a statutory exception applies. "The statutory exceptions merely permit the court, in *exceptional circumstances* [citation], to choose an option other than the norm, which remains adoption." (*In re Celine R.* (2003) 31 Cal.4th 45, 53.) In order to establish the parental relationship exception under section 366.26, subdivision (c)(1)(B)(i), a parent must prove three elements: (1) "regular visitation and contact with the child, taking into account the extent of visitation permitted"; (2) that "the child has a substantial, positive, emotional attachment to the parent—the kind of attachment implying that the child would benefit from continuing the relationship"; and (3) that terminating the parent-child attachment "would be detrimental to the child even when balanced against the countervailing benefit of a new, adoptive home." (*In re Caden C.* (2021) 11 Cal.5th 614, 636 (*Caden C.*).) The moving parent bears the burden of establishing the exception by a preponderance of the evidence. (*In re Katherine J.* (2022) 75 Cal.App.5th 303, 316.)

The substantial evidence standard of review applies to the first two elements of the parental relationship exception (*Caden C.*, *supra*, 11 Cal.5th at pp. 639–640), while the third element—"whether termination of parental rights would be detrimental to the child due to the child's relationship with his parent—is discretionary and properly reviewed for abuse of discretion." (*Id.* at p. 640.)

Father argues that his visits were consistent to the extent possible, and that minors were bonded to him such that they would benefit from continuing their relationship with him.

Father's arguments about the consistency of his visits and the nature and quality of minors' attachment to him misapplies the substantial evidence standard of review. The appealing party "bear[s] the burden to show there was no evidence of a sufficiently substantial nature to support those findings and orders. [Citation.] We draw all reasonable inferences from the evidence to support the findings and orders of the juvenile court and review the record in the light most favorable to the court's determinations; we do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the trial court's findings. [Citation.] Thus, we do not consider whether there is evidence from which the juvenile court could have drawn a different conclusion but whether there is substantial evidence to support the conclusion that the court did draw." (*In re M.R.* (2017) 8 Cal.App.5th 101, 108.)

Father's argument focuses on the evidence favorable to him while ignoring the evidence that supports the trial court's determination. On the consistency of father's visits, he has not established that the evidence mandates a reversal of the trial court's determination that his visits in the six to eight months leading up to the section 366.26 hearing in May 2024 were not consistent. After the Department liberalized visitation to allow overnight visits starting September 29, 2023, father only had three overnight visits before informing the social worker on November 30, 2023 that he would no longer be able to participate in overnight visits, and was only available to visit on Wednesdays. After that, from mid-December 2023 to mid-April 2024, father's visits were short and sporadic. Father only had two visits in January 2024, with the first lasting only 30 minutes;

while the second visit was two hours long, the caregiver reported that C.R. refused to go with father and he made minimal effort to soothe her.  He then canceled his visits the following two weeks.  This pattern of cancelling visits, summarized in the Department's section 366.26 report, provided substantial evidence to support the court's determination that father had not met the first element of the *Caden C.* analysis.

Turning to the second element, father again focuses on the positive nature of his visits, and his commendable efforts at connecting with A.R., who had an Autism Spectrum Disorder diagnosis, and C.R., who was three years old and participated in various forms of therapy and displayed self-injurious behavior.  Here too, father has not demonstrated that there was insufficient evidence to support the court's determination that minors' attachment to father not substantial enough to clear the bar set in *Caden C.* and earlier cases.  While the Department's reports described positive visits earlier in the case, there was little to no evidence that minors remained attached to father at the time the court was making its determination in 2024.  For example, while C.R. cried during several visits in April 2023, favoring the caregivers over father, her receptiveness to father improved the following month.  However, father ended his last overnight visit in November 2023 a day early, disclosing that C.R. cried the entire time.  The parental relationship exception to termination of parental rights "demands something more than the incidental benefit a child gains from any amount of positive contact with her natural parent." (*In re Katherine J., supra*, 75 Cal.App.5th at p. 318.)  The juvenile court did not err in finding father did not demonstrate a "substantial, positive, emotional attachment . . .

5

implying that [minors] would benefit from continuing the relationship." (*Caden C., supra*, 11 Cal.5th at p. 636.)

Father's brief does not explain why the court erred in finding that he had not met the third element of *Caden C.*, that terminating parental rights would be detrimental to minors. He does, however, argue without citation to the record that the juvenile court did not apply the analysis of *Caden C.*, instead finding clear and convincing evidence that minors were adoptable and that no exception to adoption applied.

Not only is father incorrect, as the court mentioned all three elements discussed in *Caden C.* (consistency of visits, existence of a bond, and detriment of severing the bond) at the hearing, we are also "aware of no requirement—and father cites no authority supporting the proposition—that the juvenile court, in finding the parental-benefit exception inapplicable, must recite specific findings relative to its conclusions regarding any or all of the three elements of the exception. To the contrary, we infer from section 366.26, subdivision (c)(1)(D)—under which the juvenile court is required to 'state its reasons in writing or on the record' when it makes a finding that termination of parental rights *would be* detrimental to the child—that the court is not required to make findings when it concludes that parental rights termination *would not be* detrimental." (*In re A.L.* (2022) 73 Cal.App.5th 1131, 1156; see also *In re Andrea R.* (1999) 75 Cal.App.4th 1093, 1109 [appellate record supported implied finding by juvenile court that parents had failed to establish the parental benefit exception].) In addition, the Department's May 2024 report included an evaluation of the minors' bond with father and the Department's assessment that minors would not suffer emotional instability if parental rights were terminated.

The evidence supports the court's determination that the parental relationship exception did not apply.

## DISPOSITION

The juvenile court's May 1, 2024 orders terminating parental rights to minors A.R. and C.R. under Welfare and Institutions Code section 366.26 is affirmed.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


BAKER, Acting P.J.


KIM (D.), J.

7